UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 5:12-CV-00087-GNS

| | |
|---|---|
| JAMES TRANSPORTATION, LLC and<br>JAMES MARINE VESSEL COMPANY, LLC | PLAINTIFFS |
| v. | |
| MARINE SYSTEMS, INC., TWIN DISC, INC., and<br>CENTA CORPORATION | DEFENDANTS/<br>THIRD-PARTY PLAINTIFFS |
| v. | |
| JAMES MARINE, INC., CUMMINS-CROSSPOINT,<br>LLC, and CUMMINS, INC. | THIRD-PARTY DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

Defendants/Third-Party Plaintiffs Marine Systems, Inc. ("MSI"), Twin Disc, Inc. ("Twin Disc"), and Centa Corporation ("Centa") (collectively referred to as "Defendants") have filed a motion seeking default judgment against Third-Party Defendant James Marine, Inc. ("JMI") in favor of Plaintiffs.[1] Because the Court finds the procedural mechanism through which Defendants demand default unavailable, the Motion for Default Judgment (DN 108) is **DENIED**.

### I. SUMMARY OF FACTS AND CLAIMS

In 2008, Plaintiffs sought to replace the engine in their 1977 towboat, the M/V JVESSCO 1. They contracted with MSI to "design, sell, and install a new propulsion system." (Am. Compl. ¶ 9, DN 64). According to Plaintiffs, the design called for parts from both Twin Disc and Centa.[2]

---

[1] Counsel are reminded to comply with requirements of the local court rules and, in particular, LR 7.1(a), which requires the filing of a separate memorandum in support of non-routine motions.

[2] This opinion refers to MSI, Twin Disc, and Centa collectively as "Defendants." Generally, Twin Disc is alleged to have sold the engine while Centa is to have provided some of the parts at issue and certain services.

Following this repowering work, the M/V JVESSCO 1 went back into service around May 19, 2010. Less than a year later, the vessel began to experience recurring problems. Plaintiffs allege the vessel required significant mechanical work that precluded its commercial use for at least 296 days. The current lawsuit seeks recompense for Plaintiffs' expense to repair the faulty propulsion system, lost revenue at over $15,000 per day, and increased operating expenses.

To recover these damages, Plaintiffs, James Transportation, LLC and James Marine Vessel Company, LLC (collectively, "JTI") filed suit on June 25, 2012, against Defendants. (Compl., DN 1). Plaintiffs' Amended Complaint (DN 64) alleges damages resulted from Defendants' fraud, negligence, breach of contract, and breach of various warranties. Defendants asserted Third-Party Complaints against several parties including JMI, a company affiliated with Plaintiffs. (Third-Party Compls., DN 60, 61, 62). In the Third-Party Complaints, Defendants allege JMI was involved in the refurbishment and repowering of the vessel and is at least partially liable (along with other third-party defendants) for any mechanical failings. JMI has filed answers to those Third-Party Complaints. (Ans., DN 74, 75, 82).

## II.   JURISDICTION

Plaintiffs assert diversity jurisdiction under 28 U.S.C. § 1332, claiming the parties are completely diverse and the amount-in-controversy exceeds the jurisdictional threshold. Alternatively, "and only in the event diversity jurisdiction is found to be lacking," Plaintiffs allege admiralty jurisdiction under 28 U.S.C. § 1333 "and Rule 9(h)."[3] (Compl. ¶ 7).

---

[3] Defendants have not challenged either jurisdictional basis, and both appear to be sufficient. Nonetheless, as explained below, this Court finds Plaintiffs' assertion of diversity sufficient to confer jurisdiction over all claims.

### III.    DISCUSSION

The essence of Defendants' motion is that seeks default judgment pursuant to Fed. R. Civ. P. 14(c) against JMI in favor of Plaintiffs because they assert that Plaintiffs invoked admiralty jurisdiction. In seeking default judgment, however, Defendants erroneously conclude that admiralty jurisdiction is the primary basis of jurisdiction in this case.

The Amended Complaint asserts diversity jurisdiction. (Am. Compl. ¶ 6, DN 64). Thus, citation to cases mandating maritime procedure where admiralty jurisdiction is asserted is unhelpful. In the present case, Plaintiffs specifically pled admiralty jurisdiction "*in the alternative, and only in the event diversity jurisdiction is found to be lacking . . . .*" (Am. Compl. ¶ 7, DN 64 (emphasis added)). This alternative basis, however, does not alter their primary assertion of diversity jurisdiction. As the Federal Rules Advisory Committee noted, "the pleader ought not be required to forego mention of all available jurisdictional grounds." Fed. R. Civ. P. 9 advisory committee note (1966). *Accord Bartel ex rel. Estate of Rich v. A-C Prod. Liab. Trust*, 461 F. Supp. 2d at 603-04*; Brown v. Cox*, No. 2:11CV184, 2012 WL 243233, at *3 (E.D. Va. Jan. 24, 2012).

A maritime plaintiff in diversity may choose the procedural rules to be applied. Rule 9(h) "was drafted to afford the pleader 'the right to determine procedural consequences . . . by a simple statement in his pleadings . . . .'"[4] *Adams v. James Transp., LLC*, No. 5:09-CV-00036-R, 2010 WL 4789290 (W.D. Ky. Nov. 17, 2010). The leniency afforded the pleader, and the choice of procedure it provides, informs this Court's opinion.

---

[4] That choice may be changed in an amendment to the pleadings in accordance with the Civil Rules. "The choice made by the pleader in identifying or in failing to identify his claim as an admiralty or maritime claim is not an irrevocable election . . . [but is] subject to the principles of Rule 15." Fed. R. Civ. P. 9(h) advisory committee note, 39 F.R.D. 69, 75-76 (1966). Rule 15(a)(2) allows parties to amend pleadings prior to trial with the other parties' consent or with the Court's leave, given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

While Plaintiffs have referenced Rule 9(h) in their pleadings' jurisdictional statement, Rule 9(h) is a procedural provision and not a jurisdictional one. As the U.S. Supreme Court has noted, "it is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."[5] *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978). Many courts have found any references in the complaint to Rule 9(h) serve as an election for admiralty procedure. *See, e.g.*, *Rosen v. Brodie*, No. CIV.A. 94-3501, 1995 WL 294087 (E.D. Pa. Mar. 9, 1995). Where the reference appeared inadvertent, however, those courts have granted leave to amend the complaint to delete the identifying statement. *Id.*; *Gonzalez v. M/V Destiny Panama*, 203 F.R.D. 673, 674 (S.D. Fla. 2001); *accord Hunt v. Diamond Offshore Drilling, Inc.*, No. CIV.A. 01-3037, 2002 WL 1906914, at *1 (E.D. La. Aug. 19, 2002) (allowing amendment to strike jury demand where Rule 9(h) election made). In the present case, however, it appears that Plaintiffs' reference to Rule 9(h) was made in conjunction with its assertion of maritime jurisdiction only as an alternative basis.

Given the Plaintiffs' clear choice of diversity jurisdiction and demand for a jury, the Court will disregard the citation of Rule 9(h) in the Amended Complaint's jurisdictional statement. Should the Plaintiffs' have intended to invoke admiralty procedure, they may seek the Court's leave to amend the pleadings under Rule 15 and make the proper election.

In seeking default against JMI, Plaintiffs ask the Court to ignore the premise that "default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." (Resp. 3, DN 110) (citing *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689 (D.C. Cir. 1970)). A plaintiff (including third-party plaintiffs under 14(c)) may seek an entry of default when a party has "failed to plead

---

[5] "[T]he complaint or other pleadings must evidence the plaintiff's intent to invoke the special procedures of admiralty jurisdiction." *Lipscomb*, 194 F.3d. at *1.

or otherwise defend . . . ." Fed. R. Civ. P. 55(a). The phrase "or otherwise defend" refers to other filings a defendant might make which challenge the sufficiency of a complaint, including those predicated on "service, venue, or the sufficiency of a prior pleading . . . ." 10A Charles Alan Wright et al., *Fed. Prac. & Proc.* § 2682 (4th ed. 2014). Courts may use their discretion, however, in denying default judgment in other situations. *Id.*

In the present case, this Court has no need to decide whether discretion is warranted or whether JMI has "otherwise defended." The procedural mechanism through which Defendants seek default is improper. Defendants confuse admiralty jurisdiction and admiralty procedure. Admiralty jurisdiction allows federal courts to hear maritime claims even when they fall outside the more common diversity and federal question jurisdictions. Once jurisdiction is established, plaintiffs may elect to have the specialty admiralty procedure applied but need not do so if another jurisdictional basis is available. Because admiralty procedures are neither mandated nor elected by Plaintiffs in this case, they are unavailable for Defendants' use to demand default against the Third-Party Defendants.

## IV.   CONCLUSION

Because admiralty procedure was available but unelected, the Court finds Fed. R. Civ. P. 14(c) unavailable for Defendants' use. Accordingly, their demand for entry of default is thus improper, and the Joint Motion for Default Judgment (DN 108) is **DENIED.**

Greg N. Stivers, Judge
United States District Court

April 27, 2015

cc:   counsel of record

5